IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUESTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,<br><br>                Plaintiffs,<br><br>v.<br><br>DESTINY DECORATORS, INC., an Illinois corporation,<br><br>                Defendants. | No. 07-C-4236<br><br>Judge Lefkow<br><br>Magistrate Judge Denlow |

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S SECOND AMENDED COUNTERCLAIM, OR IN THE ALTERNATIVE STRIKE ATTACHMENTS

Plaintiffs, by one of their attorneys JAMES R. ANDERSON, ANTHONY B. SANDERS and ARNOLD AND KADJAN, pursuant to F.R.C.P. 12(b)(6) respectfully request this Honorable Court to dismiss Destiny Decorator, Inc.'s "~~Third Answer~~ / Second Amended Counterclaim" or in the Alternative Strike Attachments. In support of their motion Plaintiffs state the following:

I.     **INTRODUCTION**

This Motion is filed on the first day of baseball season, reminding us all that in the courtroom, as well as on the field, it is a "seasonal truth that three strikes are out." *Fleet Mortgage Corp. v. Nelson*, 1986 U.S. Dist. LEXIS 24548 (N.D. Ill., Shadur, J.) (stating that after three inadequate filings a pleading will be dismissed *with* prejudice) (attached as Exhibit A). On March 6, 2008 this Court granted Plaintiffs' motion to dismiss and allowed Defendant Destiny

Decorators, Inc. ("Destiny") "leave to file a second amended counterclaim by 3/20/2008." (Minute Entry, Exhibit B.) This was the second time that this Court granted Plaintiffs' motion to dismiss in response to a Destiny counterclaim.

On March 20, 2008 Destiny filed a document with the court. The document, attached—without its voluminous attachments—as Exhibit C, reads as an answer. It merely responds to the averments in Plaintiffs' Complaint and "counter-alleges" a few facts. At the top of the first page is typed "Third Answer." However, the "Third Answer" language is crossed off with pen strokes, and "Second Amended Counterclaim" is written above it. Similar striking and handwriting is on the Notice of Filing and Certificate of Service. Further, in this Court's CM/ECF system the document is labeled as a "Second Amended Counterclaim."

Destiny was only granted leave to refile a counterclaim. However, Destiny has edited its pleading to assert that it meant to file a counterclaim, not an answer, and has filed it as such with CM/ECF. Indeed, Plaintiffs did not move to strike Destiny's first two answers so there would be no reason for Destiny to refile a third answer. Moreover, Destiny would need leave of this Court if it were to file an amended answer. F.R.C.P. 15(2). Therefore, Destiny should not be allowed to argue that the "Third Answer / Second Amended Counterclaim" is an Answer. It is in fact its Counterclaim.

As a counterclaim Destiny's March 20, 2008 filing fails. On January 16, 2008 this Court granted Plaintiffs' first Motion to Dismiss. In so doing, this Court ruled that, "The counterclaim does not meet the minimum pleading requirements of Rule 8, Fed. R. Civ. P., in that it does not allege the grounds for this court's jurisdiction nor set forth sufficient facts that would indicate violation of any right belonging to the defendant. Defendant is given leave to replead if it can

2

plead in good faith the jurisdiction of this court and sufficient facts demonstrating that it is entitled to relief under an identified right arising under federal or state law."

Now, for the third time, Destiny has woefully failed to satisfy these demands. The Second Amended Counterclaim does not plead jurisdiction or venue. It does assert what appear to be affirmative defenses (although not labeled so), such as "the Union's auditor miscalculated the amounts due to the Trustees," but affirmative defenses, of course, should have been pleaded as part of the Amended Answer. Finally, Destiny does not allege, let alone properly assert the grounds for, a reimbursement claim, the only relief available to Destiny in a counterclaim against an ERISA benefit fund. This compels the conclusion that the Second Amended Counterclaim must be dismissed with prejudice.

In the alternative, if this Court accepts the March 20, 2008 filing as a Second Amended Answer, this Court should strike all of the attachments to the filing as "redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f).

## II. STANDARD OF REVIEW

As stated in Plaintiffs' first and second Motions to Dismiss, in the context of a motion to dismiss, the non-moving party "must describe the claim in sufficient detail to give the defendant [here, the plaintiff] 'fair notice of what the . . . claim is and the grounds upon which it rests'" and then the complaint's "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). Under this standard, Defendant's Second Amended Counterclaim does not entitle it to relief.

III. **DEFENDANT FAILS TO PLEAD NEEDED ALLEGATIONS**

As stated in Plaintiffs' first and second Motions to Dismiss, as Plaintiffs are fiduciaries of ERISA plans Defendant's options in bringing any counterclaim under ERISA are very limited. Defendant does not claim that it is entitled to reimbursement for overpayment of contributions, which is the one form of relief Defendant might have under ERISA. *See Construction Indus. Retirement Fund v. Kasper Trucking*, 10 F.3d 465, 468 (7th Cir. 1993). Therefore, Defendant would almost necessarily lose in any claims against Plaintiffs under ERISA, and Defendant mentions no other federal cause of action, and apparently cannot bring an action pursuant to diversity jurisdiction. Defendant fails to plead jurisdiction or venue. In short, Defendant has not provided Plaintiffs with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Concentra Health Servs.*, 496 F.3d at 776. All Defendant alleges are reasons why Plaintiffs' audit is factually in error. (Exhibit C, p. 5.) These are not elements to any cause of action. For this reason, this Court must dismiss Defendant's counterclaim.

IV. **DISMISSAL SHOULD BE WITH PREJUDICE**

When this Court dismisses Defendant's Second Amended Counterclaim it should be with prejudice. Reasons that a court should not allow leave to amend a pleading (in addition to the "three strikes" rule, above) include "'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis in original). These reasons apply here. This is Defendant's third bite at the apple. On January 16, 2008, this Court initially gave Defendant until January 31, 2008 to replead. Plaintiffs allowed Defendant extra

4

time to respond, through February 19, 2008. Defendant was then again granted even more time to replead, until March 20, 2008. Defendant has therefore had more than enough time to properly craft a viable counterclaim. Instead of properly alleging jurisdiction and venue, and citing to legal authority, Defendant has pleaded an unallowed Answer. Defendant, once again, apparently did not take the time to review the statutes averred in Plaintiffs' Complaint, nor even research what forms of relief may be available to employers in ERISA cases. This has wasted this Court's time, Plaintiffs' time, and this Court and Plaintiffs' financial resources. The Second Amended Counterclaim should therefore be dismissed.

V.   **IN THE ALTERNATIVE, THIS COURT SHOULD STRIKE DESTINY'S ATTACHMENTS**

If this Court allows the Second Amended Counterclaim to be considered an answer, it should strike the filing's attachments pursuant to Rule 12(f) as "redundant, immaterial, impertinent, or scandalous matter." Defendant does not refer to these materials in its Second Amended Counterclaim, except to generally cite to all approximately 600 pages as alleged evidence that Plaintiffs' claims rest upon "erroneous and unsubstantiated" classifications. (Exhibit C, p. 4-5.) The attachments to the counterclaim are a letter from Destiny's accountant, a transcript of proceedings between Destiny and Painters District Council No. 14 (not the Trustees), and a few exhibits that were entered in that proceeding. Other than the accountant's letter, it is rather unclear what relevance these attachments—which were in the context of a Union arbitration proceeding for wages, not fringe benefits—have to do with this action for unpaid benefits. Indeed, counsel for Destiny asserted in the pages of the transcript that the proceeding *did not* concern fringe benefits. (Exhibit B to Defendant's Second Amended Counterclaim, p. 66, lns. 3-10.) The attachments needlessly clutter the docket and place before this Court hundreds of pages of testimony that are of questionable relevance, if any, and that

5

Destiny's counsel at the time argued did not apply to the question of fringe benefits. Therefore, this Court should strike the attachments to Destiny's March 20, 2008 filing.

**WHEREFORE**, Plaintiffs pray,

That that this Honorable Court dismiss Defendant's Second Amended Counterclaim with prejudice, or in the alternative strike the attachments to the March 20, 2008 filing.

                              Respectfully submitted,

                              **TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,**

                              By: /s/ Anthony B. Sanders
                                      One of their Attorneys

JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415