IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,<br><br>          Plaintiffs,<br><br>v.<br><br>DESTINY DECORATORS, INC., an Illinois corporation,<br><br>          Defendants. | No. 07-C-4236<br><br>Judge Lefkow<br><br>Magistrate Judge Denlow |

## MOTION TO COMPEL DISCOVERY RESPONSES

NOW COMES the Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS, et al., by one of their attorneys, ANTHONY B. SANDERS, of ARNOLD AND KADJAN, and pursuant to FRCP Rule 37, and Local Rule 37.2, moves for an Order compelling Defendant to Respond to Discovery Requests.

In support thereof, Plaintiffs state:

1. Plaintiffs, through their counsel, served requests to produce on Frank Avila, counsel for Defendant, on February 13, 2008. (Exhibit 1, ¶ 4, Exhibit A.)

2. After Defendant had not responded to the requests to produce, counsel for Plaintiff sent, via fax and first class mail, a letter pursuant to Local Rule 37.2 to Mr. Avila and Ms. Roets, a counsel in Mr. Avila's firm who also represents Defendant, on March 24, 2008. (Exhibit 1, ¶ 5, Exhibit B.) The letter stated that Defendant had not responded to discovery

1

requests. (Exhibit 1, ¶ 5, Exhibit B.) Plaintiffs' counsel also called Ms. Roets and left a voice mail stating that discovery had not been produced. (Exhibit 1, ¶ 5.)

3. Thereafter, Ms. Roets emailed to Plaintiffs' counsel on multiple occasions, stating that documents were being readied by an accountant of Defendant. (Exhibit 1, ¶ 6.) Some documents were finally delivered to Plaintiff's counsel's office on April 24, 2008. (Exhibit 1, ¶ 6.)

4. The documents were only a small fraction of the records requested in Plaintiff's request to produce. (Exhibit 1, ¶ 7.) They merely consisted of a short summary of Defendant's ADP reports for the fourth quarter of 2005 through the third quarter of 2007, a three page letter from an accountant of Defendant regarding amounts that have been paid to Plaintiffs, and copies of some, but not all, fringe benefit reports and accompanying checks for the same time period. (Exhibit 1, ¶ 7.)

5. Plaintiffs' request to produce requested numerous other types of documents. (Exhibit 1, ¶ 8, Exhibit A.) This includes, but is not limited to, its corporate books and records, work rules and job descriptions, personnel files, time cards and hour sheets setting forth job locations, documents supporting any contention that some of its employees were not engaged in covered work, any affidavits or statements, any documents that form a basis of any claimed defense, any documents that Destiny intends to introduce at trial, any bonds, cash disbursement journals, unemployment tax returns, and documents relating to an opinion witness. (Exhibit 1, ¶ 8, Exhibit A.)

6. Through subpoenas Plaintiffs have served on two of Defendant's bank accounts Plaintiff's counsel has personal knowledge that at least some of these documents do exist.

(Exhibit 1, ¶ 9, Exhibit C.) The documents that the banks produced demonstrated numerous checks written for large amounts of cash, and numerous checks written in round dollar figures to various individuals. (Exhibit 1, ¶ 9, Exhibit D.) Many of these individuals were not reported to the Plaintiff Funds, indicating that they performed work covered by the collective bargaining agreement without paying the required fringe benefits to the Plaintiff Funds. (Exhibit 1, ¶ 9.)

      7.      Furthermore, Defendant's document production did not include a response or objections to Plaintiffs' request to produce. (Exhibit 1, ¶ 10.) It merely consisted of a bound folder of about 70 pages of documents. (Exhibit 1, ¶ 10.) Therefore, Defendant has waived any chance to object to the request to produce. *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (1975).

      8.      Upon reviewing the documents that were produced, Plaintiffs' counsel sent via fax and first class mail another Local Rule 37.2 letter detailing what was missing from Defendant's document production, and giving Defendant a week to correct matters. (Exhibit 1, ¶ 11, Exhibit E.)

      9.      As of the filing of this Motion, one week later, Defendant has not forwarded any additional documents to Plaintiffs or their counsel. (Exhibit 1, ¶ 12.)

      10.      The documents are necessary to ascertain the amount owing to the Plaintiff Funds. (Exhibit 1, ¶ 13.)

      11.      Responses to Plaintiffs' discovery requests are overdue.

      12.      Under F.R.C.P. 37(a)(4) "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Therefore, Defendant has failed to respond to Plaintiffs' request to produce.

13. Under F.R.C.P. 37(d)(1)(A)(ii) this Court may sanction Defendant for failing to fully respond to Plaintiffs' request to produce. This may include any of the orders listed in F.R.C.P. 37(b)(2)(A)(i)-(vi). (F.R.C.P. 37(d)(3).) This includes "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "rendering a default judgment against the disobedient party."

**WHEREFORE**, Plaintiffs pray that this Court enter an Order:

1. Ordering that Defendant fully answer Plaintiffs' request to produce and produce all requested documents by May 23, 2008.

2. Ordering that if Defendant does not produce all requested documents by May 23, 2008, then Defendant be forbidden from referring to any document within the scope of Plaintiffs' request to produce, but not produced to Plaintiffs, at summary judgment or at trial, and all other appropriate relief allowed under F.R.C.P. 37(b)(2)(A)(i)-(vi).

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, AND DEFERRED SAVINGS PLAN TRUST FUNDS,**

By: /s/ Anthony B. Sanders
One of their Attorneys

JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

4